IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK KILKENNY,** | : | Civil No. 1:19-CV-0321 |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **WARDEN DOUGLAS K. WHITE,** | : | |
| | : | |
| Respondent. | : | Judge Sylvia H. Rambo |

# **M E M O R A N D U M**

Before the Court is a Petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 (Doc. No. 1), by Petitioner Patrick Kilkenny, a federal inmate currently confined at the Allenwood Low Federal Correctional Institution in White Deer, Pennsylvania. Mr. Kilkenny paid the filing fee on March 11, 2019. As the Petition is now deemed filed, it is before the Court for preliminary review.

For the reasons set forth below the Petition will be summarily dismissed as Mr. Kilkenny is not eligible to receive the relief he requests.[1]

---

[1] Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." *See* R. Governing § 2254 Cases in the U.S. District Courts, applicable to § 2241 petitions through Rule 1(b); *Patton v. Fenton*, 491 F. Supp. 156, 158 – 59 (M.D. Pa. 1979).

## I. STANDARD OF REVIEW

Mr. Kilkenny's claim that the BOP incorrectly calculated his good time credits, i.e. his sentence, if successful, the remedy would be his speedier release from custody.

Section 2241 allows a prisoner to challenge the execution of his sentence. *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005) (federal prisoner's challenge to reduction of time spent in a Residential Reentry Center cognizable under 28 U.S.C. § 2241). A District Court may correct an error by the BOP in the calculation of a federal sentence through a writ of habeas corpus. *See, e.g., Barden v. Keohane,* 921 F.2d 476, 479 (3d Cir.1990).

## II. BACKGROUND

A review of the Petition, as well as PACER, the online national index providing public access to court electronic records, reveals that Petitioner was convicted on a plea of guilty before the United State District Court for the North District of New York for bank fraud in violation of 18 U.S.C. § 1344(2); mail fraud in violation of 18 U.S.C. § 1341; and structuring a financial transaction to evade currency reporting requirements in violation of 31 U.S.C. § 5324(a)(3). He is serving a 216 month-sentence. The BOP has calculated his "total good conduct time earned and projected" on his 18-year sentence to

be 759 days. Doc. No. 1-1, p. 17. His present projected release date, via good conduct time release, is September 8, 2019.[2]

Petitioner claims that the BOP has failed to recalculate his sentence and correct his award of good conduct time credit in accordance with the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). Mr. Kilkenny argues that he is immediately entitled to an addition 126 days good time credit. This credit would advance his projected release date by 126 days, i.e. May 6, 2019. The BOP recently advised the inmate population that the amendment "is not in effect at this time." (Doc. No. 1–1, p. 15.) Accordingly, Petitioner claims his exhaustion of this issue before the BOP would be futile. He seeks the BOP to immediately recalculate his good time credit and projected release date in accordance with the amendment to 18 U.S.C. 3624.

## III. DISCUSSION

On December 21, 2008, President Trump signed into law the First Step Act of 2018 (Act), Pub. L. No. 115-391, 132 Stat. 5194 (2018). Section 102(b)(1) of the Act amended 18 U.S.C. § 3624(b)(1) by increasing the amount of good time credit a federal inmate may earn per year of incarceration.[3] Prior to the Act's amendment of 18 U.S.C. § 3624(b), a federal inmate could earn up to 47 days off their sentence per year. Now the

---

[2] *See* https://www.bop.gov/inmateloc/ (last visited on April 12, 2019).

[3] As suggested by its name, good time credit is earned as a reward for an inmate's good behavior and shortens the length of incarceration.

good time credit allowance has increased to 54 days for each year of the prisoner's term of imprisonment. *See* 18 U.S.C. § 3624(b)(1) and § 102(b) of the Act. However, contrary to Mr. Kilkenny's assertion, the effective date of the amendments to 18 U.S.C. §3624 is not yet operative.

Section 102(b)(2) of the Act, sets forth the "EFFECTIVE DATE" of the amendments to 18 U.S.C. § 3624 as follows:

> The amendments made by this subsection shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 299 of title 18, United States Code, as added by section 101(a) of this Act.

Section 102(b)(2) of the Act. Section 101(a) of the Act requires the Attorney General complete the "risk and needs assessment system" no later than 210 days after the enactment of the Act. As the Act was signed into law on December 21, 2018, the amendments to 18 U.S.C. § 3624 shall not take effect until mid-July 2019. Until then, Mr. Kilkenny's claim that the BOP must immediately recalculate his good conduct time credits pursuant to the First Step Act is without merit. [4]

---

[4] Despite the absence of a statutory exhaustion requirement attached to § 2241, courts have consistently required a petitioner to exhaust administrative remedies prior to bringing a habeas claim under § 2241. *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000); *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). In this case, as Mr. Kilkenny fails to present a cognizable habeas claim. As such, the Court will dispense with addressing his conclusory argument that exhaustion of his claim would be futile given the BOP's predetermination that the Act is not yet in effect. Doc. No. 1-1, pp. 13 and 15.

## IV. CONCLUSION

For the foregoing reasons, Mr. Kilkenny's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, will be summarily dismissed.

An appropriate Order follows.

                                                  <u>s/Sylvia H. Rambo</u>
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: April 22, 2019