IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PATRICK KILKENNY,** | **:** | **Civil No. 1:19-CV-0321** |
| | **:** | |
| **Petitioner,** | **:** | **Judge Sylvia H. Rambo** |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **WARDEN DOUGLAS K. WHITE,** | **:** | |
| | **:** | |
| **Respondent.** | **:** | |

### M E M O R A N D U M

Pending before the Court is Petitioner Patrick Kilkenny's motion for
reconsideration (Doc. 9) of this Court's April 22, 2019 Memorandum and Order
(Docs. 7 and 9) summarily dismissing his petition for writ of habeas corpus. In
his Petition, Mr. Kilkenny sought the Bureau of Prisons (BOP) to correct his award
of Good Conduct Time (GCT) credit according to the First Step Act of 2018, Pub.
L. No. 115-391, 132 Stat. 5194 (2018) (the FSA) and immediately recalculate his
sentence.

For the reasons stated herein, the Court will deny Mr. Kilkenny's motion for
reconsideration.

## II. BACKGROUND[1]

Mr. Kilkenny argued in his habeas corpus petition that the BOP's "delayed implementation of the First Step Act's Good Time Fix . . . is arbitrary and capricious." (Doc. 1 at 2.) As relief he requested the Court to "issue an order requiring the [BOP] to recalculate Petitioner's [GCT] credits by the Only Congressionally Approved Manner which will result in [his] earlier release." (*Id.* at 8.)

Currently Petitioner's projected release date is September 8, 2019 which is based on him earning 47 days per year of GCT. (Doc. 1-1 at 1.) The FSA allows federal inmates to earn up to 54 days of GCT per year. *See* Section 102(b)(1) of the FSA, Pub. L. 115-391, amended 18 U.S.C. § 3624(b) (permits federal inmates to earn 54 days of GCT for each year of the sentence imposed rather than 47). By Mr. Kilkenny's calculations, he would earn an additional 126 days GCT pursuant to the FSA, which would advance his release date by 126 days, or Monday, May 6, 2019. (*Id.* at 14) (without Court intervention he claims he "would have to over-serve his sentence by 126 days.")

Section 102(b)(2) of the FSA provides that the amendments will take effect when the Attorney General completes the risk and needs assessment system

---

[1] The Court writes primarily for the parties, and because they are familiar with the facts as discussed in the Court's Memorandum and Order of April 22, 2019, *see* Docs. 7 and 8, the Court will set forth only a summary of the facts and procedural history pertinent to the instant motion.

required by Section 102(b)(1) of the FSA.  Section 102(b)(1) does not require

completion of the risk and needs assessment system until 120 days *after* the Act's

amendment, or mid-July 2019.  Because Section 102(b)(1) of the Act, which

amends 18 U.S.C. § 3624, it not yet in effect, the Court dismissed Mr. Kilkenny's

petition for writ of habeas corpus because he failed to state a cognizable habeas

claim.  (Doc. 7.)

## II.    Legal Standard

The purpose of a motion for reconsideration is to correct manifest errors of

law or fact or to present newly discovered evidence.  *See Harsco Corp v. Zlotnicki*,

779 F.2d 906, 909 (3d Cir. 1985).  "A judgment will only be altered or amended

upon a showing of one of three grounds: '(1)  an intervening change in controlling

law; (2) the availability of new evidence that was not available when the court

granted . . . judgment; or (3) the need to correct a clear error of law or fact or to

prevent manifest injustice."  *Rhines v. United States*, 677 F. App'x 34, 35 - 36 (3d

Cir. 2017) (quoting *U.S. ex. rel. Schumann v. Astrazeneca Pharm., L.P.*, 769 F.3d

837, 848 - 49 (3d Cir. 2014)).  The moving party may not use a motion for

reconsideration to relitigate issues or present arguments that could have been raised

earlier but were not.  *Blystone v. Horn*, 664 F.3d 397, 416 (3d Cir. 2011) (citing

*Howard Hess Dental Lab., Inc. v. Dentasply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir.

2010)).

**III. Discussion**

Plaintiff's motion for reconsideration restates many of the same arguments contained in his Petition. Mr. Kilkenny has not identified an intervening change in the controlling law, nor has he presented newly discovered evidence. It appears that Plaintiff's argument for reconsideration is based on the third ground, specifically to correct a clear error of law or to prevent manifest injustice.

On April 29, 2019, Mr. Kilkenny filed a motion for reconsideration. (Doc. 9.) Mr. Kilkenny argues that the Court erred when:

> The Court dismissed Mr. Kilkenny's petition challenging
> the calculation of his federal sentence on the basis that
> (1) exhaustion of administrative remedies; (3) (sic) fails
> to present a cognizable habeas claim.

(*Id*.) Contrary to Mr. Kilkenny's first assertion, the Court did not dismiss his petition based on exhaustion. The Court specifically noted that it would not address the issue of exhaustion because he failed "to present a cognizable claim." (Doc. 7, n. 4.)

As to Petitioner's second argument, Mr. Kilkenny seeks to add a new legal claim which fares no better that his original arguments. Mr. Kilkenny claims the BOP must recalculate his GCT under the FSA, so it may timely consider his placement in a Residential Reentry Center (RRC) in accordance with the Second

4

Chance Act of 2007.[2]  He claims consideration for RRC placement occurs 17 – 19 months prior to an inmate's projected release date and that the BOP did not properly consider his RRC placement because it did not calculate his prerelease date under the FSA.  (Doc. 9 at 4.)   Notably Mr. Kilkenny does not suggest that the BOP did not timely consider him for RRC placement under the current guidelines in effect.  Likewise, he does not suggest how the BOP's consideration of him for pre-release under the Second Chance Act demonstrates clear error or a manifest injustice for the purposes of necessitating a modification of the Court's Order dismissing his Petition for failure to state a cognizable claim based on the recalculation of his GCT based on the FSA's amendment to the accrual of GCT.  To the extent Mr. Kilkenny claims he would receive more time at a half-way house if the BOP calculated his GCT under the FSA's amendment to 18 U.S.C. § 3624(b), he is incorrect.  The Second Chance Act does not mandate the BOP place prisoners in an RRC for any specific period.  The Second Chance Act only requires the BOP *consider* placing an inmate in an RRC for up to twelve months.  There is no guarantee to such a placement for any period.  Finally, Mr. Kilkenny's newest theory fails as Section 102(b)(1) of the Act, which amends 18 U.S.C. § 3624, it not yet in effect.

---

[2] On April 9, 2008, the Second Chance Act of 2007 (Second Chance Act), Pub. L. 110-199, Title II, § 251(a), 122 Stat. 692, as codified in18 U.S.C. § 3624(c), went into effect.  The Second Chance Act contains provisions designed to aid prisoners in their return to society outside of prison and increases the duration of pre-release placement in an RRC from six to twelve months.  18 U.S.C. § 3624(c)(1), (c)(6)(C).

Accordingly, Mr. Kilkenny's motion for reconsideration will be denied.  An appropriate order will follow.

                                        s/Sylvia H. Rambo
                                        SYLVIA H. RAMBO
                                        United States District Judge

Dated: May 13, 2019